# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JEFFREY PEGLOW,

    Plaintiff,

v.

ALFREY ET AL.,

    Defendants.

_____/

Case No. 18-cv-11426

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Jeffrey Peglow, a Michigan Prisoner currently residing at the Central Michigan Correctional Facility in St. Louis, Michigan, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint asserts that the Defendants, a dozen named medical providers at the Bellamy Creed Correctional Facility in Ionia, Michigan, violated his constitutional rights by being deliberately indifferent to his medical problems. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

The Defendants resides in Ionia County, Michigan. The events described in the complaint are alleged to have occurred in Ionia County, at the Bellamy Creek Correctional Facility. Ionia County is located within the boundaries of the Western District of Michigan. The proper venue for civil actions is in the judicial district

1

where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. § 1391(b).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought." See *Weatherford v. Gluch*, 708 F. Supp. 818, 819 (E.D. Mich. 1988) (quoting 28 U.S.C. § 1404(a)). Venue of a lawsuit may be transferred sua sponte for the convenience of parties or witnesses. See *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan where the Defendants are located and the events in the complaint are alleged to have occurred. Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

It is noted that this Court has not decided whether Plaintiff may proceed in this action in forma pauperis, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).

**IT IS SO ORDERED.**

Dated: May 18, 2018

<u>s/Gershwin A. Drain</u>
Hon. Gershwin A. Drain
United States District Court Judge